## McCARTHY v. WESTFIELD PLATE CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1904.)

### No. 127.

1. PATENTS—INFRINGEMENT—CASKET HANDLES.

The McCarthy patent, No. 478,168, for improvements in casket handles, claim 1, construed, and *held* not infringed by the device of the Klein patent, No. 559,898, in which the improvement, while having the same general purpose of strengthening the handle, does so by means which operate on a different principle.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 124 Fed. 897.

Howard P. Denison, for appellant.

Harold Binney, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. We agree with the conclusions of the court below that the defendant's coffin handles, made conformably with letters patent No. 559,898 (granted to Klein, assignor, May 12, 1896), do not infringe the complainant's patent; and this being so, it will not serve any useful purpose to consider whether the claim in controversy is void for want of patentable novelty, or void because the alleged invention had in all essentials been previously patented by the complainant.

The patent in suit is for an improvement in folding-down handles, more particularly burial casket handles, which consists in providing an auxiliary support to the handle by means of a relief-bar connected with the handle-bar. In a prior patent to the complainant (No. 469,-975, granted March 1, 1892) a cognate improvement was described and claimed, the general nature of which was stated to consist "in providing the handle with an auxiliary support or brace which will remove a part of the strain from the hinge-pins by which the handle arms are connected to the body-plates, and which, in case said pins break, will constitute the main support of the casket." The present patent covers a modification of the auxiliary support of the prior patent, and, without any other reference to the prior art, that patent itself imposes a limitation upon the construction of the present patent which restricts the application of the doctrine of equivalents.

In the folding-down handle in common use previous to either of the McCarthy patents the handle was carried by an arm attached to the body-plate of the casket by a hinge-pin pivoted in the ears of the body-plate. These ears projected from the sides of a recess in the body-plate formed to receive and afford a bearing to the end of the arm. The end of the arm was provided with a shoulder extending rearwardly beyond the hinge-pin, which when the arm was raised engaged with the top of a wall at the rear of the recess so as to limit the upward movement of the handle. The specification of the patent in suit describes the old folding-down handle with an additional recess in the body-plate consisting of an elongated slot through its outer face. It also describes a supplemental arm, called a relief-bar, which is secured rigidly or pivotally to the main arm near the handle, and extends beneath the main arm to and through the slot in the body-plate, where it engages with the inner face of the body-plate. To effect this engagement, it is provided with a head larger than the width of the slot. This bar is arranged and constructed so as to move with the main arm, but to have independent bearing connections with the body-plate. In operation when the handle is moved downwardly the bar will slide under the body-plate, and when the handle is raised the bar is drawn

out through the slot until its head engages with the inner face of the body-plate. By this engagement the bar relieves the strain on the hinge-pin, and if the hinge-pin breaks receives the whole strain and supports the casket. Thus the folding-down handle of the patent is the old device with an additional handle-arm movably attached to the body-plate by a slot and head engagement; the main arm and its hinge attachment to the body-plate are the main arm and attachment of the old device, and do their work precisely as they did in the old device; and the bar or new arm, and its attachment, do their work precisely as they would if the bar was rigidly or pivotally fastened to the handle instead of the main arm and there were no main arm.

The claim is as follows:

"The combination, with the handle, the arm carrying it, and the body-plate to which said arm is hinged, of a relief-bar connected to said arm and passing through a slot in said plate, and provided on its inner end with a head."

The only novelty in the combination of the claim resides in the peculiar organization of the relief-bar and the body-plate, and except in this respect it is the same combination described in the earlier patent to complainant. In the earlier McCarthy patent one form of the auxiliary support consists of an additional arm at one end pivotally connected with the handle-arm and at the other end provided with a T-shaped head which slides in a T-shaped groove in the body-plate. In this construction the supplemental arm moves with the main arm, and when the handle is raised to the extent permitted by the hinge connection of the main arm it engages in the end of the groove, and thus relieves the strain on the hinge-pin, and receives the whole strain in case the hinge-pin breaks.

The defendant's handle contains the parts employed in the old folding-down handle, and as therein combined, together with parts which re-enforce and strengthen the handle-arm and its bearings at the hinge-joint; but it does not contain the relief-bar of the claim, nor the slotted body-plate of the claim. Its handle-arm is strengthened throughout its entire length by a piece of sheet steel incorporated within the arm which at the body-plate end has a projection which extends beyond the pivot and rests upon one of the walls in the recess when the handle is raised. In all the parts except those that were employed in the old folding-down handle the defendant's handle differs so greatly in details of construction from the complainant's handle that it is difficult to compare them; but the most accentuated differences are those of principle. It contains no parts which relieve the strain upon the hinge-pin when the handle is raised, or which provide a support for the casket in the event of the breaking of the hinge-pin. Both McCarthy and Klein by their several endeavors have sought to improve upon the old folding-down handle, McCarthy endeavoring to do so by what is properly a secondary arm with independent body-plate connections, and Klein by strengthening the old arm and its hinge connections. As was said in the opinion of the court below by Judge Platt:

"The former departs in one direction, and the latter in another. The patent in suit is the outcome of a struggle to relieve the hinge-pin. The Klein patent is the outcome of a struggle to so strengthen the handle as to overcome the natural strain at the vital point."

The decree is affirmed, with costs.